UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------- x
:
JENNA LEE                                           :   3:09 CV 1575 (CSH)
                                                    :
V.                                                  :
                                                    :
MICHAEL J. ASTRUE                                   :
COMMISSIONER OF SOCIAL SECURITY                     :   DATE: FEBRUARY 28, 2011
                                                    :
---------------------------------------------------- x

RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

On February 19, 2008, plaintiff Jenna Lee filed her application for DIB and SSI, alleging an inability to perform substantial gainful activity since August 5, 1990. (See Dkt. #17, at 1). Plaintiff's claim for benefits was denied initially, upon reconsideration, and after a hearing before ALJ Marlene W. Heiser. (Id. at 1-2). Plaintiff's claim was selected by the Decision Review Board for review, but on August 5, 2009, the Decision Review Board informed plaintiff that it did not complete its review of her claim in the time allowed, thus rendering ALJ Heiser's decision the final decision of the Commissioner. (Id. at 2).

Plaintiff, through counsel, commenced this action on October 5, 2009 (Dkt. #1), and on November 9, 2009, Senior United States District Judge Charles S. Haight, Jr. referred this case to this Magistrate Judge. (Dkt. #4). On August 31, 2010, this Magistrate Judge issued a Recommended Ruling granting in part and denying in part plaintiff's Motion for Order to Reverse the Decision of the Commissioner (Dkt. #17) ["Recommended Ruling"], in which this Court held that while "ALJ Heiser considered whether plaintiff's OCD met the Listing requirements for anxiety-related disorders[,]" the ALJ nonetheless "failed to consider ADHD, plaintiff's primary complaint, in step three" of

her analysis. (At 25). Additionally, the Recommended Ruling held that "[a]bsent any analysis regarding the evidence from educators and family, . . . and in light of evidence that plaintiff failed three of her five remedial courses, this Court [was] unable to determine whether the ALJ's credibility determination is supported by substantial evidence of record." (Id. at 27-28). Accordingly, the case was remanded "to enable the ALJ to properly evaluate all of plaintiff's impairments[,]" and for "further proceedings consistent with this decision." (Id. at 25, 28). The Recommended Ruling was approved and adopted by Judge Haight, absent objection, on September 20, 2010 (Dkt. #18), and judgment entered the next day. (Dkt. #19).

On December 16, 2010, plaintiff filed the pending Motion for Attorney's Fees and brief in support. (Dkt. #20).[1] On February 7, 2011, defendant filed his brief in opposition. (Dkt. #23).

For the reasons stated below, plaintiff's Motion for Attorney's Fees (Dkt. #20) is granted in large part, in the amount of $7,927.50 (45.3 hours x $175/hr rate).

## I. DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the Equal Access to Justice Act ["EAJA" or "Act"], 28 U.S.C. § 2412, the purpose of which Act is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Comm' r, I.N.S. v. Jean, 496 U.S. 154, 163 (1990)(footnote & citation omitted). In order for an award of attorney fees to enter, this Court must find that plaintiff is a prevailing party, that the

---

[1] Attached to plaintiff's Motion and brief is an affidavit of plaintiff's counsel, sworn to December 16, 2010, and an itemized time sheet reflecting entries from May 20, 2009 through November 12, 2010, and costs incurred ["Time Log"].

2

Commissioner of Social Security's opposition to the original motion to remand was without substantial justification, that no special circumstances exist that would make an award unjust, and that the fee petition was filed within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B).

While defendant concedes that plaintiff was the prevailing party within the meaning of the Act, he contends that his litigation position was "substantially justified," and thus plaintiff's application for fees pursuant to the EAJA should be denied. (Dkt. #23, at 2-5). Additionally, defendant argues that the number of hours charged by plaintiff's counsel are "excessive and warrant substantial reduction," and that plaintiff's hourly rate should be reduced to reflect the National Consumer Price Index.[2] (Id. at 5-8).

A. SUBSTANTIALLY JUSTIFIED

As defined by the U.S. Supreme Court, the term "substantially justified" is "justified in substance or in the main-that is, justified to a degree that could satisfy a reasonable person." Jean, 496 U.S. at 158, n. 6. The Government bears the burden of proof on this issue and must demonstrate that its position "had a reasonable basis in both law and fact." Ericksson v. Comm'r of Social Security, 557 F.3d 79, 82 (2d Cir.2009)(internal quotations &citation omitted); see Vacchio v. Ashcroft, 404 F.3d 663, 674 (2d Cir.2005)(citation omitted). The court must then review "both the position taken by the United States in the civil action," as well as "the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); see Ericksson, 557 F.3d at 82 (additional citations omitted). The government's failure to prevail does not

---

[2] See note 4 infra.

raise a presumption that its position was not substantially justified. Cohen v. Bowen, 837 F.2d 582, 585 (2d Cir.1988).

In appealing her case to this Court, plaintiff contended that the ALJ erred in determining that plaintiff did not meet the Listing requirements for organic mental disorder and anxiety disorder because these disorders were diagnosed in early childhood; the ALJ erred in her assessment of plaintiff's credibility by failing to weigh and consider plaintiff's testimony; the ALJ did not consider substantive evidence from family, treating physicians, consultative examiners and educators; and the ALJ erred by failing to afford substantial weight to the treating physician's opinion. (Dkt. #15, at 30-45). The Commissioner countered that ALJ Heiser properly assessed plaintiff's credibility and the medical opinions of record and properly found that plaintiff's impairments did not meet or equal a listed impairment. (Dkt. #16, Brief, at 12-20). However, the Recommended Ruling held that while there was no diagnosis or assessment of episodes of decompensation in the record, and the ALJ's reliance on the Listing findings in the record, as they related to Listings 12.02 and 12.06, did not constitute error, the ALJ did err in application, or lack thereof, of plaintiff's specific illnesses to the Listing requirements. (Recommended Ruling, at 23-25).

In her decision, ALJ Heiser considered whether plaintiff's OCD met the Listing requirements for anxiety-related disorders but failed to address plaintiff's ADHD. (See Recommended Ruling, at 25). A failure to address one of plaintiff's impairments goes beyond what defendant argues is a "procedural error." (Dkt. #23, at 4-5). The Recommended Ruling concluded that "[a]lthough [the ALJ] found that plaintiff suffers from ADHD as a severe impairment in step two of the five-step evaluation process, she

4

failed to consider ADHD, plaintiff's primary complaint, in step three." (Recommended Ruling, at 25). Thus, as this Magistrate Judge recommended, and as approved and adopted by Judge Haight, the case was remanded to enable the ALJ to properly evaluate all of plaintiff's impairments. (Id.).

Additionally, defendant argued that the ALJ was not required to rely on the testimony of plaintiff's parents where that testimony is not supported by the record, but as the Recommended Ruling held (at 25-28), ALJ Heiser did not base her conclusion on the entire record, and thus did not consider all relevant evidence as she was required. See SSR 06-03p, 2006 WL 2329939, at *2, 6 (S.S.A. Aug. 9, 2006). Again, the Recommended Ruling did not remand for a "procedural error," but rather, because the ALJ made a credibility assessment without the benefit of plaintiff's college transcript, which showed that plaintiff failed three of her six classes, which were remedial, and which were not eligible for GPA credit, and the ALJ did not acknowledge the testimony of plaintiff's mother and stepfather or the record evidence from her teachers, which is included in a proper consideration of all relevant evidence. See id. at *6. Again, the Recommended Ruling concluded that the matter must be remanded because the Court was "unable to determine whether the ALJ's credibility determination is supported by substantial evidence of record." (Recommended Ruling, at 28). Plaintiff is correct that defendant lacked substantial justification for his position as defendant had "adequate opportunity in this case to perform an analysis consistent with its own rules and regulations, [but] failed to do so." (Dkt. #20, Brief, at 6).

B. REASONABLENESS OF HOURLY RATE

It is plaintiff's burden to establish entitlement to this fee award, and the district court has the discretion to determine what fee is "reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983)(interpreting Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, which allows a "prevailing party" to recover from his adversary "a reasonable attorney's fee as part of the costs.").[3] Pursuant to the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justified a higher fee . . . ." 28 U.S.C. § 2412(d)(2)(A). While the "cost of living" is not defined by the EAJA, such rate is properly measured by the Consumer Price Index ["CPI"]. See Harris v. Sullivan, 968 F.2d 263, 264-66 (2d Cir. 1992). However, "[a] district court has discretion whether to grant cost of living increase in statutory hourly rate cap for an attorney fee award under the EAJA, and the increase in the consumer price index does not mandate an increase." Green-Younger v. Barnhart, No. Civ. 3:99 CV 1425(CFD), 2004 WL 2377224, at *5 (D. Conn. Sept. 30, 2004)(citations omitted).

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(B), plaintiff presents to the Court an affidavit and itemized statement of fees and expenses, in which she requested $8,540, at an hourly rate of $175.00 for work performed in 2009 and 2010. (Dkt. #20, at 2 & Time Records). This District has repeatedly found $180.00 per hour is a reasonable rate for 2009. See Puzycki v. Astrue, No. 3:09 CV 1894 (PCD)(JGM), 2011 WL 320247, at *2, n. 4 (D. Conn. Jan. 31, 2011); Burgos v. Astrue, No. 3:09 CV 1216 (VLB)(TPS), 2011 WL

---

[3]The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Id. at 433, n.7.

124506, at *1, n.1 (D. Conn. Jan. 13, 2011)(no objection to rate); Acevedo v. Astrue, No. 3:09 CV 1927 (JBA)(JGM), 2011 WL 90242, at *2, n. 5 (D. Conn. Jan. 3, 2011); Hosking v. Astrue, No. 3:10 CV 64 (MRK)(WIG), 2010 WL 4683917, at *2 (D. Conn. Oct. 1, 2010)(no objection to rate); Rodriguez v. Astrue, No. 3:08 CV 154 (JCH)(HBF), 2010 WL 1286895, at *2 (D. Conn. Mar. 29, 2010); Ericksson v. Astrue, No. 3:00 CV 2221(VLB)(HBF), at 7 (D. Conn. Jan. 11, 2010); Rivera v. Astrue, No. 3:07 CV 1049(SRU)(WIG), 2009 WL 2982647, at *1 (D. Conn. Jun. 18, 2009)(no objection to rate); see also Desmond v. Astrue, 3:08 CV 927(JBA)(JGM)(D. Conn. Mar. 11, 2010); Palozie v. Astrue, 3:08 CV 1655 (CSH)(JGM)(D. Conn. Feb. 25, 2010); Serrano v. Astrue, No. 07 CV 1299(CFD)(TPS)(D. Conn. Apr. 28, 2009)(absent objection); Roth v. Astrue, No. 3:08 CV 436(SRU)(WIG)(D. Conn. Apr. 28, 2009)(no objection to rate); Gisondi v. Astrue, No. 3:06 CV 968(VLB)(TPS)(D. Conn. Oct. 23, 2008)(no objection to fees). Accordingly, plaintiff's total fee award will be calculated by the hourly rate of her requested $175.00.[4]

### C. REASONABLENESS OF HOURLY FEE AND OF AMOUNT OF TIME

Defendant asserts that reasonable fees in this case should be limited to no more than 5.05 hours of work for tasks performed in 2009, rather than 12.75 hours sought for 2009, and no more than 29.75 hours of work for tasks performed in 2010, rather than the 36.05 hours sought for 2010.[5] (Dkt. #23, at 6-8; see Time Records). Specifically,

---

[4] The difference between plaintiff's counsel's hourly rate and what defendant posits (i.e., the National Consumer Price Index) is merely $2.76 for 2009, and $ .09 for 2010. (See Dkt. #23, at 8)(suggesting $172.24/hour for 2009 and $174.91/hour for 2010)).

[5] Plaintiff's counsel's dates as reflected on her Time Records are out of order, and entries for 10/2/10, 10/23/10, and 11/3/10 appear to relate to services performed 10/2/09, 10/23/09, and 11/3/09. (Time Records). The entry for 11/10/09, while out of order in the Time Records, does appear to correspond to that date on the docket sheet. (Id.).

defendant contests the following entries: 3.0 hours prior to filing the complaint; 4.2 hours for filing the complaint, summons, service of process, checking ECF, and making phone calls, which are "clerical" in nature; .6 hours for preparing a motion for an extension of time; and 1.8 hours spent in consultation with her client. (Dkt. #23, at 6-7).

This Court has a duty to review plaintiff's itemized statement to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 433-34. Hours spent performing clerical tasks such as filing the complaint and receiving return of service, are not compensable under the EAJA. Hosking, 2010 WL 4683917, at *2 (citations omitted); Cobb v. Astrue, No. 3:08 CV 1130 (MRK)(WIG), 2009 WL 2940205, at *2 (D. Conn. Sept. 2, 2009). Accordingly, plaintiff's counsel's time will be reduced by 3.5 hours for these entries. However, the time charged for plaintiff's counsel's review of ECF notices is appropriate. As has been established in this District, "with electronic filing, ECF notices have taken the place of pleadings,[ and i]n this Court's experience, the review of pleadings has always been work performed by counsel[,]" such that the time spent on this should be compensable. Rivera, 2009 WL 2982647, at *3; see also Rodriguez,, 2010 WL 1286895, at *2-3 (D. Conn. Mar. 29, 2010). Thus, the Court will not reduce the .45 hours requested for these entries. (See Time Records).

While motions for extension of time for a plaintiff's attorney's convenience have been disallowed, see Burr v. Bowen, 782 F. Supp. 1285, 1290 (N.D. Ill. 1992), this case involved a two-volume, 503 page transcript spanning a ten year time period (from 1999 to 2009), from which plaintiff wrote a brief totaling forty-eight pages. (See Dkt. #15; Dkts. ##13-14). In light of the volume of documents in this case, plaintiff is entitled to

reasonable compensation for preparing and filing her unopposed Motion of Extension of Time.  See Rivera, 2009 WL 2982647, at *2 (finding time entries relating to extensions of time for .1 or .2 hours are reasonable).  Plaintiff lumped her entry relating to her motion in with other compensable entries, so that the Court will not reduce the .6 hours requested for these entries.  Additionally, in light of the lengthy record spanning a ten year time period at issue in this appeal, 1.8 hours spent in consultation with the client is not unreasonable, and the 3.0 hours plaintiff's counsel spent preparing for this appeal, including preparing the complaint, equally is not unreasonable.

## II. CONCLUSION

For the reasons stated below, plaintiff's Motion for Attorney's Fees (Dkt. #20) is granted in large part, in the amount of $7,927.50 (45.3 hours x $175/hr rate).

The parties are free to seek the district judge's review of this recommended ruling.  See 28 U.S.C. §636(b)**(written objection to ruling must be filed within fourteen calendar days after service of same)**; Fed. R. Civ. P. 6(a), 6(e), & 72; Rule 72.2 of the Local Rule for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

**Dated this 28th day of February, 2011 at New Haven, Connecticut.**

                                  /s/ Joan G. Margolis, USMJ
                                  Joan Glazer Margolis
                                  United States Magistrate Judge